IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGO L. ROYER, ) | Case No. 3:22-cv-00061 |
| ) | |
| Plaintiff, ) | JUDGE STEPHANIE L. HAINES |
| ) | |
| v. ) | |
| ) | |
| MATTHEW D. ROBERTSON, ) | |
| individually and in his official capacity as ) | |
| a police officer of the City of DuBois, *et.* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendants Matthew D. Robertson, Blaine Clark, Lance Thompson, and City of DuBois's ("Defendants") Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) for Failure to Participate in Discovery (the "Motion for Sanctions"). (ECF No. 60). For the following reasons, the Court **GRANTS** Defendants' Motion and dismisses Plaintiff Margo L. Royer's ("Ms. Royer") Amended Complaint (ECF No. 10) with prejudice.

### I.      Jurisdiction and Venue

The Court has subject-matter jurisdiction over Ms. Royer's 42 U.S.C. § 1983 claims because they arise under federal law. *See* 28 U.S.C. §§ 1331, 1343(a)(3). This Court also has subject-matter jurisdiction over Ms. Royer's Pennsylvania state law claims because they arise from the same case or controversy as the federal claims. *See id.* § 1367.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this suit occurred in the Western District of Pennsylvania.

## II.    Background[1]

On April 26, 2022, Ms. Royer, proceeding pro se, filed a Complaint against Defendants in the United States District Court for the Western District of Pennsylvania. (ECF No. 1). Defendants moved to dismiss Ms. Royer's Complaint on June 23, 2022. (ECF No. 4). After retaining counsel,[2] Ms. Royer filed a motion for leave to file an Amended Complaint on July 15, 2022 (ECF No. 8), and the Court granted her motion on July 18, 2022 (ECF No. 9). Ms. Royer filed her Amended Complaint on July 20, 2022, asserting the following nine counts against Defendants:

(1) Excessive Use of Force in violation of the Fourth Amendment against the City of DuBois and Corporal Robertson in his individual capacity (ECF No. 10 ¶¶ 71–81);
(2) False Arrest in violation of Pennsylvania law against the City of DuBois and Corporal Robertson in his individual capacity (*Id.* ¶¶ 82–85);
(3) False Imprisonment in violation of Pennsylvania law against the City of DuBois and Corporal Robertson in his official and individual capacities (*Id.* ¶¶ 86–91);
(4) Section 1983 Municipal Liability for Failure to Properly Train, Supervise, and Discipline against the City of DuBois (*Id.* ¶¶ 92–101);
(5) Assault and Battery in violation of Pennsylvania law against Corporal Robertson in his official and individual capacities (*Id.* ¶¶ 102–03);
(6) Violation of the First, Fourth, and Fourteenth Amendments under Section 1983 against the City of DuBois, Officer Thompson in his official and individual capacities, and Corporal Robertson in his official and individual capacities (*Id.* ¶¶ 104–18);
(7) Abuse of Process in violation of Pennsylvania law against the City of DuBois, Corporal Robertson in his individual capacity, and Chief Clark in his official and individual capacities (*Id.* ¶¶ 119–25);
(8) Failure to Intervene under Section 1983 against Officer John Doe in his individual capacity and Chief Clark in his individual capacity (*Id.* ¶¶ 126–28); and,
(9) Intentional Infliction of Emotional Distress in violation of Pennsylvania law against Corporal Robertson in his official capacity (*Id.* ¶¶ 129–35).

On September 2, 2022, Defendants filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ms. Royer's Amended Complaint for failure to state a claim. (ECF No. 15). On September 28, 2023, the Court granted in part and denied in part the motion to dismiss. (ECF

---

[1] For general background on this case, see ECF No. 49 at 2–5.
[2] On March 6, 2023, the Court granted Ms. Royer's counsel leave to withdraw. (ECF No. 34).

No. 49).³ In light of the Court's order on the motion to dismiss, only the following claims remain: (i) Excessive Use of Force in violation of the Fourth Amendment against Corporal Robertson in his individual capacity at Count I (ECF No. 10 ¶¶ 71–81); (ii) Assault and Battery in violation of Pennsylvania law against Corporal Robertson in his individual capacity at Count V (*Id.* ¶¶ 102–03); (iii) Violation of the Fourth Amendment under Section 1983 against Officer Thompson in his individual capacity at Count VI (*Id.* ¶¶ 104–18); and (iv) Failure to Intervene under Section 1983 against Officer John Doe in his individual capacity and Chief Clark in his individual capacity at Count VIII (*Id.* ¶¶ 126–28).

While the motion to dismiss was pending, Defendants served Ms. Royer with Interrogatories and Requests for Production of Documents on March 8, 2023. (*See* ECF No. 60-1 at 6–41). Ms. Royer failed to timely respond to the discovery requests by the required date of April 13, 2023. (ECF No. 59 ¶ 3; *see also* ECF No. 57 at 2). Subsequently, Defendants filed a motion to compel the discovery requests (ECF No. 36), and the Court granted the motion to compel on May 11, 2023 (ECF No. 39). The Court gave Ms. Royer fifteen days—i.e., until May 26, 2023—to "fully respond to the discovery requests that were duly served by … Defendants and provide signed authorizations to Defendants' counsel for release of [Ms. Royer's] medical records." (*Id.*). The Court noted that "[Ms. Royer] shall fully comply with the Court's Order or suffer sanctions determined by the Court." (*Id.*). Ms. Royer failed to comply with the Court's Order. (ECF No. 59 ¶ 11; *see also* ECF No. 57 at 2).

---

³ The Court dismissed Count I against City of DuBois; Count II; Count III; Count IV; Count V against Defendant Robertson in his official capacity; Count VI for retaliation, false arrest, false imprisonment, malicious prosecution and unreasonable search and seizure against Defendant Robertson; Count VII; and Count IX. (ECF No. 49 at 49–56). The Court dismissed a number of those counts without prejudice, permitting Ms. Royer to file a second amended complaint within twenty-eight days of September 28, 2023. The Court notes that Ms. Royer failed to file a second amended complaint within the prescribed time. Thus, any count dismissed without prejudice in the order at ECF No. 49 is no longer curable.

On December 11, 2023, after the Court ruled on the motion to dismiss, the Court held a post-discovery conference. (*See* ECF No. 57). There, Ms. Royer explained that her current circumstances—namely, her incarceration—frustrated her ability to respond to the discovery requests. (*Id.*). The Court then directed Defendants to send another copy of the written discovery requests to the address Ms. Royer provided, which was the same address to which Defendants previously sent the documents. (*Id.*). The Court informed Ms. Royer that if she did not respond to the discovery requests by January 31, 2024, sanctions—including the dismissal of her claims—may be warranted. (*Id.*).

On December 11, 2023, Defendants sent another copy to Ms. Royer. (ECF No. 59 ¶ 14). Ms. Royer failed to respond. (*Id.* ¶ 15). On February 8, 2024, Defendants sent a third copy of the Interrogatories and Requests for Production of Documents to Ms. Royer. (ECF No. 60-5). The third copy was returned with the notation of "refused." (ECF No. 59 ¶ 18). Thereafter, Attorney Robert J. Marino (counsel for Defendants) filed an affidavit, averring that Ms. Royer continues to neglect her responsibility to respond to the discovery requests in this action. (*See* ECF No. 59).

On April 24, 2024, Defendants filed the present Motion for Sanctions. (ECF No. 60). Therein, Defendants invoked Ms. Royer's failure to respond to the discovery requests in this action as the ground to dismiss the case. (*Id.*). On September 24, 2024, the Court held a status conference, wherein Defendants informed the Court that Ms. Royer still had not replied to the discovery requests. (ECF No. 70 at 2). The Court informed Ms. Royer that it would set a rigid deadline for her response as to why the Motion for Sanctions should not be granted. (*Id.*). The Court further informed Ms. Royer that her failure to timely respond would result in the Court granting the Motion for Sanctions (i.e., the dismissal of her remaining claims).

On October 3, 2024, the Court ordered "that Plaintiff Margo L. Royer shall respond to Defendants' Motion by October 31, 2024" and "that Plaintiff's failure to respond will result in the granting of Defendants' Motion [for Sanctions], effectuating dismissal of the case." (ECF No. 71). To date, Ms. Royer has not responded to Defendants' Interrogatories and Requests for Production of Documents, nor Defendants' Motion for Sanctions.

### III. Discussion

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if: … a party, after being properly served with interrogatories under Rule 33[,] … fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Rule 37(d) also provides that the types of sanctions available include dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(d)(1)(A)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)).[4]

Dismissal is an "extreme sanction" and is appropriate only in the most extreme cases, such as a respondent's "flagrant bad faith" and "callous disregard" of his or her responsibilities. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Within the Third Circuit,

---

[4] Rule 37(b) also permits the Court to dismiss the action or proceeding in whole or in part for not obeying a discovery order of the Court. Fed. R. Civ. P. 37(b)(2).

Additionally, Rule 37(d)(3) states that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "The … exception, 'when other circumstances make an award of expenses unjust,' allows a court to take into account equitable considerations." *LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-cv-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015) (citing *Taylor v. United States*, 815 F.2d 249, 252 (3d Cir. 1987)). Such equitable considerations include "the sanctioned party's ability to pay and whether the amount of the sanction would be punitive." *Id.* (citing *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 195–96 (3d Cir. 1988)). Here, the Court finds that an award of expenses is unjust because of Ms. Royer's inability to pay—an inability that the Court deduces from the history of this case—and additional sanctions may be punitive because Ms. Royer is already facing the most serious sanction—dismissal with prejudice. In addition, Defendants have not sought an award of expenses; rather, they only request dismissal. (ECF No. 60 ¶ 20 ("It is respectfully submitted that appropriate sanctions are in order, in the form of a dismissal of this action, to put an end to this process.")).

the following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim of defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Here, the Court concludes that the *Poulis* factors warrant dismissal in this case.

Turning to the first factor—the extent of the party's personal responsibility—Ms. Royer is pro se. Thus, she is entirely responsible for the prosecution of her claims, as well as compliance with orders of this Court and the Federal Rules of Civil Procedure. *See Fattah v. Killeen*, No. 3:03-cv-1314, 2005 WL 2234644, at *2 (M.D. Pa. Sept. 14, 2005), *aff'd sub nom. Fattah v. Beard*, 214 F. App'x 230 (3d Cir. 2007); *Gabriel v. Terra*, No. 22-cv-3982, 2023 WL 4377068, at *3 (E.D. Pa. July 6, 2023). Accordingly, the first factor weighs in favor of dismissal.

Regarding the second factor—the prejudice to the adverse party—"while 'prejudice' for the purpose of [a] *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press*, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Ms. Royer's refusal to respond to Defendants' discovery requests, especially given the Court ordering her to do so, impedes Defendants' ability to prepare a trial strategy. *See Poulis*, 747 F.2d at 868 (determining that "there has been prejudice to the defendant by the plaintiffs' counsel's conduct[]" when "interrogatories were never answered nor were objections filed; defense counsel was obliged to file a motion to compel answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first"). The second factor thus weighs in favor of dismissal.

Examining the third factor—a history of dilatoriness—the Court finds that this factor weighs in favor of dismissal. Ms. Royer has failed to respond to Defendants' discovery requests, despite a Court order and having Defendants serve her copies of the requests on three separate occasions. *See Fattah*, 2005 WL 2234644, at *3 (finding that this factor weighed in favor of dismissal when the plaintiff twice refused to attend his deposition despite the court's order compelling the plaintiff to submit to a deposition). Accordingly, the third factor weighs in favor of dismissal.

Regarding the fourth factor—whether Ms. Royer acted willfully or in bad faith—the Court finds that Ms. Royer has acted in bad faith. Ms. Royer has been active in this case since Defendants served her discovery requests. Yet, she has consistently avoided responding to those requests. For example, Ms. Royer has filed various pieces of correspondence in this case since Defendants have served their requests, and she has participated in a number of conferences in this case. Nevertheless, she has failed to respond to Defendants' requests, or at least raise legally substantiated objections to responding to the requests. Ms. Royer also has failed to raise any justification for her non-compliance with the Court's order. For over a year, Ms. Royer has indicated that she is attempting to retain counsel and then respond to the requests; however, she still has not done so and has left the case at a standstill while Defendants wait for their discovery request responses. Therefore, the fourth factor weighs in favor of dismissal.

Turning to the fifth factor—the effectiveness of lesser sanctions—the Court finds that lesser sanctions would be ineffective. Precluding Ms. Royer from presenting evidence relevant to the discovery requests would not mitigate the prejudice of preventing Defendants from obtaining their discovery response requests. Further, Ms. Royer's answers to the discovery requests are relevant to the prosecution of her claims. Preventing her from presenting evidence relevant to the

7

requests would have the same effect as dismissing her claims. Moreover, granting attorney's fees would be ineffective because it would not remedy Defendants' need to obtain the discovery request responses. Similarly, all other sanctions available under Rule 37(b), such as striking pleadings, would not counterbalance Defendants' need to obtain the discovery requests responses to sufficiently defend themselves. Accordingly, the fifth factor weighs in favor of dismissal.

Finally, regarding the last factor—the merits of the claims—the Court finds the record too sparse to adequately address the merits absent Ms. Royer's response to the discovery requests. Accordingly, the last factor is neutral. Even if the last factor weighed in favor of Ms. Royer, the Court still would find that dismissal is warranted in light of the other factors weighing heavily in favor of dismissal. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("As we have already recognized, not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint."); *Fattah*, 214 F. App'x at 233 (affirming the district court's Rule 37(d) dismissal with prejudice when the plaintiff twice failed to submit to a deposition).[5] Therefore, the Court will dismiss this case with prejudice.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Sanctions (ECF No. 60) is **GRANTED**. An appropriate Order follows.

---

[5] The Court is sympathetic to the fact that Ms. Royer's incarceration has frustrated her ability to participate in discovery. However,
> [p]ersons claiming injury must participate in their case. They must produce information and answer questions under oath after proper notice. They cannot simply allege facts and wait for trial. The persons defending the claims are entitled to know the basis for the claims against them. These rules apply to incarcerated persons bringing claims just like everyone. We are repeatedly mindful of filing and research difficulties faced by incarcerated persons. We grant liberal amendments to deadlines and afford greater notice.

*Gabriel*, 2023 WL 4377068, at *1.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGO L. ROYER, | ) | Case No. 3:22-cv-00061 |
| | ) | |
| Plaintiff, | ) | JUDGE STEPHANIE L. HAINES |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW D. ROBERTSON, individually and in his official capacity as a police officer of the City of DuBois, *et. al.*, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, to wit, this 12th day of February, 2025, for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) for Failure to Participate in Discovery (ECF No. 60) is **GRANTED**. Plaintiff's action is hereby **DISMISSED** with prejudice. The Clerk of Courts is directed to enter judgment on behalf of Defendants' and close this case in this District.

BY THE COURT

_/s/ Stephanie L. Haines_
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE